UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )        Criminal No. 09-0114 (PLF)
                                  )
WILLIE D. WILLIAMS,               )
                                  )
        Defendant.                )
_____ )
```

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the motion of the defendant, Willie D. Williams, to reduce his sentence under 18 U.S.C. § 3582(c)(2).  Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in the case, the Court will deny Mr. Williams' motion.[1]

I.  BACKGROUND

On July 10, 2009, Mr. Williams pled guilty to (1) unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and (2) distribution of cocaine base or crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)(iii).  Opp'n at 2-3.  Mr. Williams acknowledged in his plea agreement that he was accountable for more than five grams but less than 20 grams of crack cocaine.  Plea at 2.

---

[1]     The papers reviewed in connection with the pending motion include: the plea agreement ("Plea") [Dkt. No. 20]; the judgment and commitment ("Judgment") [Dkt. No. 33]; the transcript of Mr. Williams' September 24, 2009 sentencing ("Tr.") [Dkt. No. 34]; the defendant's motion to reduce sentence ("Mot.") [Dkt. No. 36]; the government's opposition ("Opp'n") [Dkt. No. 39]; and the defendant's reply ("Reply") [Dkt. No. 40].

The Court held a sentencing hearing on September 24, 2009.  At the hearing, the Court calculated Mr. Williams' sentence according to the three-step approach it had outlined in United States v. Lewis, 623 F. Supp. 2d 42, 45-47 (D.D.C. 2009), the case in which the Court, as a matter of policy, adopted a 1-to-1 crack-to-powder ratio.  Tr. at 4-5.  First, the Court calculated Mr. Williams' sentencing range under the United States Sentencing Guidelines.  With an offense level of 24 that applied to the crack offense, a two-level upward adjustment for multiple offenses under the grouping guidelines, a three-level downward adjustment for acceptance of responsibility, and a criminal history category of IV, Mr. Williams' guidelines sentencing range was 70 to 87 months.  Id. at 4-6; see United States v. Lewis, 623 F. Supp. 2d at 47.  The Court then varied from the Guidelines under United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007), determining an alternative sentencing range using a 1-to-1 crack cocaine-to-powder cocaine ratio.  At a 1-to-1 ratio, the offense level for the crack cocaine offense was 12; with a downward adjustment for acceptance of responsibility, Mr. Williams' total offense level was 10 and his overall sentencing range was 15 to 21 months.  Tr. at 6-7; see also United States v. Lewis, 623 F. Supp. 2d at 47.

This alternative calculation, however, took no account of Mr. Williams' plea to the gun charge.  So the Court looked to the applicable guideline for the weapons offense, which would put Mr. Williams at offense level 22.  With a three-level downward adjustment for acceptance of responsibility to level 19, and a criminal history category of IV, Mr. Williams' guideline sentencing range was 46 to 57 months.  Tr. at 7.  The Court sentenced Mr. Williams to 51 months' imprisonment on each count, to run concurrently, Judgment at 3, substantially less than what his sentence would have been under the crack cocaine guidelines.  In doing so, the

2

Court acknowledged that it had given Mr. Williams the benefit of its 1:1 crack-to-powder ratio policy and imposed "not a strictly guideline sentence." Id. at 8.  Rather, the Court used the Guidelines as a reference point, giving Mr. Williams the benefit of the 1-to-1 crack-to-powder ratio while applying the Guidelines for the gun offense. Id.  The 51-month sentence was in the middle of that range.

In 2010, the Sentencing Commission amended the Sentencing Guidelines in response to the enactment by Congress of the Fair Sentencing Act of 2010, which lowered the crack-to-powder ratio from 100-to-1 to 18-to-1. See Dorsey v. United States, 132 S. Ct. 2321, 2328-29 (2012) (discussing Fair Sentencing Act and subsequent changes to crack cocaine guidelines).  Amendment 750 to the Guidelines made the crack cocaine amendments permanent, and, through Amendment 759 in November 2011, the Commission subsequently made them retroactive by adding Amendment 750 to the list of amendments in Section 1B1.10 of the Guidelines. See Reply at 2 (referring to U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2011)); see also Dorsey v. United States, 132 S. Ct. at 2329; Davis v. United States Sentencing Comm'n, --- F.3d ----, 2013 WL 2302542, at *1 (D.C. Cir. 2013).

Mr. Williams now argues that because the Court initially imposed a sentence that was 19 months below the guidelines sentencing range of 70 to 87 months for the crack cocaine offense, he is entitled to a reduction of 19 months from the amended guidelines range of 57 to 71 months, leading to a sentence of 38 months. Mot. at 1-2.  The government contends (1) that the Court has no authority to modify Mr. Williams' sentence under 18 U.S.C. § 3582(c), and (2) that if the Court sentenced Mr. Williams to 38 months it would be violating Section 1B1.10(b)(2) of the Guidelines. See Opp'n at 2.  Mr. Williams maintains, however, that Section 1B1.10(b)(2)

"violates the Sentencing Reform Act and the separation of powers doctrine, and was promulgated without proper notice and comment." Reply at 3. He argues that in enacting amendments to Section 1B1.10(b)(2), effective November 2011, the Sentencing Commission "impermissibly assumed the power of both Congress and the sentencing court, without utilizing any administrative procedure – such as notice and comment – to maintain . . . accountability." Id. at 4-6.

## II. DISCUSSION

A district court does not have inherent authority to modify a sentence once it has been imposed. Dillon v. United States, 130 S. Ct. 2683, 2687 (2010). 18 U.S.C. § 3582(c)(2) provides a "narrow exception to [that] rule of finality." Id. at 2692; see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Under that statute, a court may modify a sentence only when the defendant was sentenced to a term of imprisonment that was "based on" a guideline sentencing range that subsequently has been lowered. Dillon v. United States, 130 S. Ct. at 2687. "To be eligible for a sentence modification under 18 U.S.C. § 3582(c)(2), a defendant must show (1) that he was initially sentenced 'based on a sentencing range that has subsequently been lowered' by the Sentencing Commission; and (2) that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Sweet, 756 F. Supp. 2d 94, 95 (D.D.C. 2010) (quoting United States v. Berry, 618 F.3d 13, 16 (D.C. Cir. 2010)); see Dillon v. United States, 130 S. Ct. at 2687 (quoting 18 U.S.C. § 3582(c)(2)).

### A.  18 U.S.C. § 3582(c)(2)'s "Based on" Requirement

Mr. Williams contends that his sentence was premised on the "range determined based on the cocaine base [crack] offense level applicable at the time of his sentencing . . . despite the fact that the Court looked to another offense level and range."  Reply at 2 n.1 (citing United States v. Berry, 618 F.3d at 18).  The Court disagrees.  Mr. Williams was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and he therefore fails to meet Section 3582(c)(2)'s first requirement.

For a sentence to be "based on" a guideline sentencing range, the guideline range at issue must have been "'a relevant part of the analytic framework' used in the district court's sentencing calculus."  In re Sealed Case, --- F.3d ----, 2013 WL 3305706, at *3 (D.C. Cir. 2013) (quoting Freeman v. United States, 131 S. Ct. 2685, 2692-93 (plurality opinion)); see also United States v. Tepper, 616 F.3d 583, 586 (D.C. Cir. 2010) (to meet the "based on" requirement, "the guideline calculation at issue must have actually played a role in *determining* that range.  It is not enough that a guideline was merely calculated or considered along the way.") (emphasis in original).  Applying this standard, the Court finds that Mr. Williams' sentence was not "based on" the crack cocaine sentencing guidelines.

When determining Mr. Williams' sentence, the Court initially performed the guidelines calculation for crack cocaine, but it then exercised its discretion under Booker and Kimbrough not to impose a guideline sentence.  Rather than adhering to the crack guidelines, it made a policy decision "within [its] discretion" to apply a 1-to-1 crack-to-powder ratio when considering the drug charge.  Tr. at 6.  It then varied upwards to take account of the weapons

offense.  The sentence the Court ultimately imposed was based not on the guidelines offense

level for crack cocaine, but rather on a variance from the Guidelines by reference to the

guidelines sentencing range for the gun offense.  Tr. at 8; see Tr. 4-6, 8.  Thus, although the crack

guideline range was calculated by the Court, it was not, practically speaking, a "relevant part of

the analytic framework" used in the Court's sentencing determination.  See In re Sealed Case,

2013 WL 3305706, at *3.  Because Mr. Williams' sentence therefore would not have been

affected by the amendments to the crack cocaine guidelines, he is not eligible for a Section

3582(c)(2) sentence modification.  See, e.g., United States v. King, Crim. No. 00-340, 2010 WL

5394907, at *2 (D.D.C. Dec. 23, 2010) (denying Section 3582(c)(2) relief to a defendant

sentenced under the career offender provisions of the Guidelines); United States v. Sweet, 756 F.

Supp. 2d 94 (rejecting a Section 3582(c)(2) motion on the ground that the defendant was

sentenced as a career offender); see also United States v. Berry, 618 F.3d at 18; United States v.

Tepper, 616 F.3d at 587.

### B.  Mr. Williams' Section 1B1.10 Claim

Mr. Williams also is ineligible for Section 3582(c)(2) relief because providing

such relief would impermissibly reduce his sentence "to a term that is less than the minimum of

the amended guideline range," in violation of the policy statement set forth in Section

1B1.10(b)(2) of the Sentencing Guidelines.  Before the November 2011 revisions to the

Sentencing Guidelines, Section 1B1.10 "provided that a district court could reduce a sentence

below the amended guideline range if the defendant had originally received a below guideline

sentence."  United States v. Anderson, 686 F.3d 585, 588 (8th Cir. 2012) (citing U.S.

SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(B) (2010)).  After holding a public hearing on June 1, 2011, the Sentencing Commission amended the policy statement "to provide that a district court may only reduce a defendant's sentence below the bottom of the amended guideline range if the reduction would be 'comparable' to one given earlier for providing substantial assistance to authorities."  Id. (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(B) (2011)).

Although Mr. Williams argues that the Sentencing Commission did not have the authority to limit sentencing reductions below the bottom of the sentencing guidelines range in this way, Congress in fact granted the Commission such authority in 28 U.S.C. § 994(u).  That statute gives the Commission authority "to specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment . . . may be reduced."  United States v. Anderson, 686 F.3d at 589 (quoting 28 U.S.C. § 944(u)).  The Commission has exercised that authority in Section 1B1.10, which specifies the "circumstances and by what amount" a sentence may be reduced.  Id.  "The statutory framework does not require the Commission to make all downward departures and variances applied to the original sentence available when creating a basis for sentencing reduction."  Id. at 589-90.  And despite the sentencing discretion courts now have under Booker, the Supreme Court has made plain that such discretion is not implicated when a motion to modify a sentence is made under Section 3582(c).  Dillon v. United States, 130 S. Ct. at 2687.  That statute does not provide for a "plenary resentencing"; rather, it operates as "a narrow exception to the rule of finality" that permits a sentence modification "within the narrow

bounds established by the Commission" under its grant of authority from Congress.  Id. at 2692, 2694.

Finally, Mr. Williams' argument notwithstanding, courts routinely have "upheld the Commission's powers against a separation of powers challenge."  United States v. Anderson, 686 F.3d at 590 (citing Mistretta v. United States, 488 U.S. 361, 393 (1989)); see also United States v. Dukes, 420 F. App'x 237, 237 (4th Cir. 2011) (rejecting defendant's arguments that his sentence should be reduced below his amended guideline sentencing range because the 2010 version of Section 1B1.10 "violate[s] the separation of powers doctrine"); United States v. Fox, 631 F.3d 1128, 1131 (9th Cir. 2011); United States v. Dryden, 563 F.3d 1168, 1170-71 (10th Cir. 2009); United States v. Atwell, 574 F. Supp. 2d 1260, 1264 (M.D. Fla. 2008) ("In delegating authority to the Commission, enacting § 3582(c)(2), and promulgating 'applicable policy statements,' neither Congress nor the Commission have assumed an adjudicatory role.").  As the Eighth Circuit has noted, the Supreme Court in Mistretta held that "there was no constitutional problem because the [Sentencing] Commission does not act as a court and is not controlled by the judiciary."  United States v. Anderson, 686 F.3d at 590 (discussing Mistretta v. United States, 488 U.S. at 393).  This is true whether the Commission "is issuing a guideline or a policy statement."  Id. at 591.  And while Congress has made proposed guidelines subject to the APA's notice and comment provisions, see 28 U.S.C. § 994(x), Congress has not required that policy statements comply with these requirements.  See United States v. Colon, 707 F.3d 1255, 1261 (11th Cir. 2013) (rejecting defendant's challenge to Section 1B1.10 based on Commission's

purported failure to issue the policy statement in accordance with APA's notice and comment

procedures); United States v. Berberena, 694 F.3d 514, 526-27 (3d Cir. 2012) (same).

For all of these reasons, it is hereby

ORDERED that Mr. Williams' motion to reduce his sentence [Dkt. No. 36] is

DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
DATE:  July 11, 2013                        United States District Judge

9